## Hogge *v.* M. E. H. Taliaferro, Executor.

*Lawson* contracted to furnish the parish of Bossier with a court-house. *Brown* built the court-house under a contract with *Lawson*, and plaintiff was a mechanic working under *Brown*. Held :
That until the building was received by the parish, *Lawson* should be considered in the light of a proprietor and bound, attested accounts having been seasonably served upon him, to reserve out of the funds coming to *Brown* enough to pay the plaintiff's claim.

APPEAL from the District Court of Bossier, *Drew*, J.
*Jones*, for plaintiff. *Looney*, for defendant and appellant.

Spofford, J. The single question in this case is, was *Andrew Lawson* made liable to pay the plaintiff's claim for work done upon the court-house of the parish of Bossier, the plaintiff having complied with the requisitions of the Act of March 18th, 1844, to secure his recourse against Mr. *Lawson* as owner ?

It is admitted by the defendant, that the house was built by *W. W. Brown*, under a contract made by him with Mr. *Lawson*, and that plaintiff was a mechanic working under *Brown*.

As to *Brown* then, *Lawson* was the proprietor. *Brown*, as undertaker, was responsible to *Lawson*, and to *Lawson* alone, and to him he looked for his remuneration.

71

*Lawson* was not an architect. He entered into a contract to furnish the parish of Bossier with a court-house, as a speculation. He was to be paid no fixed price in money, but agreed to take a transfer for a limited time, of some of the parochial sources of revenue, consisting principally of the public ferries. Until the building was received by the parish, he might, without doing violence to the language of the Act of 1844, or of Art. 2744 of the Code, be considered the proprietor; he was so within the evident spirit of those laws. And so he must have deemed himself, for the defendant has proved that he paid the plaintiff, who was *Brown's* foreman, some money while the work was going on.

The plaintiff does not contend for any privilege. Having served attested accounts on the defendant seasonably, he now brings a money demand against him, contending that he should have reserved and has reserved out of the funds coming to *Brown* as his undertaker, enough to pay the plaintiff as a mechanic employed by *Brown* to do work for the benefit of *Lawson*. Although it is charged in the answer that *Brown* has been fully paid, no evidence was offered to show that fact, and the equity of the plaintiff's claim is manifest.

We do not think the judgment of the court below should be disturbed under these circumstances. It is, therefore, affirmed with costs.